IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VICTORIA JOY GODWIN,**

    Plaintiff,

vs.                                               Case No. 4:14cv102-RH/CAS

**SHAUN DONOVAN, Secretary,
United States Department of
Housing and Urban Development,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted an in forma pauperis motion, doc. 2, and a petition for writ of mandamus, doc. 1.  Good cause having been shown, the motion for in forma pauperis status, doc. 2, is **Granted**.  The Clerk of Court shall file the petition without requiring payment of the filing fee.

The petition seeks an Order from this Court "compelling the Secretary of the Department of Housing and Urban Development to locate replacement housing" for Plaintiff and prevent her from becoming homeless.  Doc. 1 at 1.  Plaintiff is a 72-year old woman who is partially blind and she alleges that she has been a tenant in Georgia Belle DBA Westminster Gardens, having signed a lease with the facility on May 28,

2013.  *Id.* at 1, 3.  Georgia Belle is subsidized by the Department of Housing and Urban Development (hereinafter HUD).  *Id.* at 3.  Plaintiff contends that she discovered evidence of fraud against HUD because their "methods of treatment for the severe roach infestation were totally insufficient . . . ."  *Id.*  Plaintiff contends "that Georgia Belle was accepting money fully aware that they could not and could not deliver the habitable premises HUD expected."  *Id.*  Plaintiff states that Georgia Belle blames the residents for the roach infestation and stops "services to residents who managed to complaint to local and state officials."  *Id.* at 1.  Plaintiff contends that her First Amendment rights have been chilled and infringed because she attempted to complain about deficiencies with her apartment and that her complaints are the basis for her eviction.  *Id.* at 5-7.  She also states that she has been demanding relocation since November of 2013,[1] but was advised that there is a six month waiting list.  *Id.* at 2.  She indicates that she has been ordered to leave her premises by March 5, 2014.  *Id.*

The petition states that on or about October 28, 2013, after not receiving responses to her requests to be relocated, that Plaintiff sent notice that she was withdrawing "her signature from the document authorizing HUD to pay Plaintiff's subsidized portion of the rent."  *Id.* at 6.  An eviction action was filed, although Plaintiff contends "the lease was void *ab initio* . . . ."  *Id.*  Plaintiff indicates "the judge in the eviction action found that because Plaintiff did not file a seven-day notice of intent to withhold rent, Georgia Belle was entitled to proceed as if the lease was valid . . . ."  *Id.*  Plaintiff reports that she was given "five days to find another place, and bumping into

---

[1] The petition contains a scrivener's error listing the year as 2014.  Doc. 1 at 2.

the local requirement to be put at the bottom of the waiting list." *Id.*[2]  Plaintiff said that "recent 'finding' of the judge came on the heels of her prior finding on January 23, AD2014, that because the attorney for the infested facility failed to provide Plaintiff with sufficient 3-day notice, Plaintiff's lack of 7-day notice to withhold rent, was a wash." *Id.* at 6-7.

There are several problems with the instant petition.  First, although not entirely clear from the petition, it would appear that Plaintiff contends that HUD has a duty to provide her with alternative housing and not place her on a waiting list for such housing.  Doc. 1.  Plaintiff has not identified any such basis for that assertion.  Mandamus relief is only appropriate if "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003).  Because Plaintiff has not shown that she has a clear right to relief or that the named Defendant has a clear non-discretionary duty to act, no relief can be afforded to Plaintiff and this action should be dismissed.

Second, it appears that Plaintiff withheld rent and sought to revoke her authorization for HUD to subsidize her rent.  Failing to pay the required rent would support a basis for eviction.  This Court does not sit as an appellate court to vacate or

---

[2] Judicial notice is taken that a complaint was filed against Plaintiff on December 23, 2013, in the Second Judicial Circuit in and for Leon County, Florida.  Case number 37 2013 CC 4103.  A hearing was held on January 23, 2014, and a conditional judgment was entered.  Thereafter, another hearing was held on February 27, 2014, Plaintiff and Defendant were both present, and the final judgment entered that day states that the parties agreed that Defendant would "vacate the premises on or before Midnight March 5, 2014."  Case number 2013 CC 4103.  "The eviction will be dismissed conditioned upon Defendant vacating the premises no later than March 5, 2014."  *Id.*

overturn an order from a state court which directs that Plaintiff vacate the premises in two days.  If Plaintiff seeks relief from an order which purports to enforce an agreement reached between Plaintiff and Georgia Belle, Plaintiff must seek relief from the court which issued the order.  No relief can be provided to Plaintiff as requested in the instant petition.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, is **GRANTED** and the Clerk of Court shall file the petition without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's petition for mandamus relief, doc. 1, be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**