IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VICTORIA JOY GODWIN,

      Petitioner,

v.                                     CASE NO. 4:14cv102-RH/CAS

SHAUN DONOVAN, Secretary
United States Department of
Housing and Urban Development,

      Respondent.

_____/

## ORDER OF DISMISSAL

      This petition for a writ of mandamus is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 6. I have reviewed *de novo* the issues raised by the objections. The recommendation is for dismissal of the petition on the court's own motion.

      A petitioner may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these. *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006)

Case No. 4:14cv102-RH/CAS

(unpublished); *see also Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983).  Here the report and recommendation gave the petitioner adequate notice, and she had an opportunity to respond by filing objections.

The report and recommendation correctly concludes that the petition is deficient.  The analysis is not repeated here.  But two points deserve mention.

First, the petitioner takes issue with a state court's handling of the petitioner's dispute with her landlord.  Under the *Rooker-Feldman* doctrine, a federal district court cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Nor can a district court properly intervene in ongoing state civil proceedings, absent circumstances not alleged here.

Second, the petitioner also sets out conclusory allegations of improper conduct by federal officials, but the petitioner does not allege facts plausibly suggesting a basis for relief.  This will not do.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Case No.   4:14cv102-RH/CAS

This order affords the petitioner an opportunity to amend. If the petitioner chooses to file an amended petition, it must include a "short and plain statement of the claim showing that [the petitioner] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The petitioner should lose the rhetoric and allege facts, if any exist, showing that a federal official has failed to perform a nondiscretionary duty, or that the petitioner is otherwise entitled to relief.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The petition is dismissed. The petitioner is granted leave to file an amended petition by April 7, 2014.

SO ORDERED on March 16, 2014.

s/Robert L. Hinkle
United States District Judge
